**Order filed November 10, 2022**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-22-00621-CR

———————

### DANIEL JAMES GRAY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 06-CR-1249**

## ORDER

This appeal is from an order denying appellant's motion for forensic DNA testing. *See* Tex. Code Crim. Proc. arts. 64.01, 64.04, 64.05. The trial court signed the order on May 31, 2022. The record reflects the notice of appeal was filed July 25, 2022.

On July 28, 2022, appellant filed a motion to gain additional time. *See* Tex. R. App. P. 4.6. In that motion appellant alleges he did not receive notice of the signing of an appealable Chapter 64 order until July 6, 2022. Pursuant to Texas Rule of Appellate Procedure 4.6(c), the trial court, after a hearing, must sign a written order that determines the earliest date when the defendant or the defendant's attorney received notice or acquired actual knowledge that the trial

judge signed the appealable order and whether this date was more than twenty days after the judge signed the appealable order.

Accordingly, we order the case abated and remanded to the trial court for a hearing and signing of an order determining the date when appellant first either received notice or acquired actual knowledge that the order was signed. The trial court shall order the clerk to prepare, certify, and file a supplemental clerk's record containing the trial court's order with the clerk of this court **within 30 days of the date of this order.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's record is filed with the clerk of this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing, if a hearing is required, in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

Panel Consists of Justices Zimmerer, Spain, and Hassan.